Entered on Docket
March 06, 2024
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed and Filed: March 6, 2024



_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | ) Bankruptcy Case |
| | ) No. 24-50211-DM (Lead Case) |
| TRINITAS ADVANTAGED AGRICULTURE | ) |
| PARTNERS IV, LP, *et al.*, | ) Chapter 11 |
| | ) |
| | ) Jointly Administered |
| Debtors. | ) |
| | ) |
| | ) Date:  March 7, 2024 |
| | ) Time:  11:30 AM |
| | ) Via Video/Teleconference |
| | ) www.canb.uscourts.gov/calendars |
| | ) |
| | ) |

**CONCERNS REGARDING DIP CREDIT AGREEMENT**

The court has reviewed the final form of DIP Credit Agreement (Exhibit A to Dkt. 32) and has the following concerns regarding some of its provisions.  At the hearing on Thursday, March 7, 2024, the court expects counsel to address those concerns and to assist the court in reaching an informed decision on how to proceed.

These comments are being prepared before the court has received a copy of the proposed interim DIP order.

//

**Page 56.**

The provisions of Section 3.22(f) are subject to the provisions of Article VIII. See court's additional questions regarding that Article below.

Sections 3.22(g),(j) and (k) appear to apply not only to DIP loans, but to Prepetition Loan Documents and Secured Obligations. Taken together, those three subsections appear to protect pre-petition obligations from setoff and recoupment and to provide "valid, binding, continuing, fully-perfected" secured positions for those pre-petition obligations. They appear to be in conflict with the court's cash collateral guidelines and do not appear appropriate for the DIP financing. If all prepetition debt is excluded, the DIP Orders should so state.

**Page 68.**

The long paragraph following section 5.11(c) appears to authorize the Debtor to waive surcharge rights under Bankruptcy Code § 506(c). The court is not inclined to approve that provision.

**Page 89.**

In the long paragraph following Section 8.01(jj), there is a cross reference to the five-day grace period of clauses (vii) and (viii) and to Section 10.08. That grace period does not appear to apply specifically to credit extensions or other priority unsecured advances that should be protected notwithstanding a declaration of default by the secured lenders.

**Page 104.**

In Section 10.03, the borrowers agree to pay reasonable expenses and costs, including professional fees. There does not

appear to be a specific acknowledgement that the court retains jurisdiction to review any such fees or expenses that may be challenged by the borrowers. That should be clarified.

**Page 111.**

In Section 10.09(c), the borrowers consent to the Bankruptcy Court's role under Section 10.09(b). This same consent should to the DIP Lenders.

The court welcomes advice and comment from counsel for the Debtors at the continued hearing.

**\*\*END OF PRELIMINARY CONCERNS\*\***

**COURT SERVICE LIST**

ECF Recipients