

Signed and Filed: March 8, 2024

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>TRINITAS ADVANTAGED AGRICULTURE PARTNERS IV, LP, *et al.*,<br><br>        Debtors. | Bankruptcy Case<br>No. 24-50211-DM (Lead Case)<br><br>Chapter 11<br><br>Jointly Administered<br><br>Date: March 14, 2024<br>Time: 10:00 AM<br>Via Video/Teleconference<br>www.canb.uscourts.gov/calendars |

**CONCERNS REGARDING PROPOSED INTERIM ORDER**

    The court has reviewed the March 1st draft Proposed Interim Order (Exhibit A to Dkt. 38), the ("PIO").

    Preliminarily, the court observes that the Debtors' responses to its March 6th Concerns Regarding DIP Credit Agreement (Dkt. 42) have been satisfied. More specifically, the March 7th revision to paragraph I, 3(a) (Dkt. 45-4) are acceptable. Further, the comments regarding requested changes on pages 89 (five-day grace period), 104 (retaining jurisdiction) and 111 (mutual consent) are also acceptable.

As for the comment regarding page 68 (506(c) surcharge), the language in the PIO on page 11 of 51, line 25 (redline version at Dkt. 38-2) is acceptable. However, there are references to section 506(c) at page 28 of 51, line 10 (redline version at Dkt. 38-2) and at page 49 of 51, line 15 (redline version at Dkt. 38-2), both of which the court believes should be deleted.

Additional concerns in the March 1st PIO (Dkt. 38-1) are as follows:

**Page 9 of 44.**

In subparagraph (i)(d), Prepetition Loans, at line 6, "Loan" is a defined term. It is also a defined term in the DIP Credit Agreement, creating an ambiguity with an identical term defined in two separate but integrally related documents but having different meanings.

At line 14, the Loan is "secured by a validly perfected lien" which cannot bind a subsequent trustee in Chapter 11, or in a Chapter 7, or other parties in interest in this case (collectively "Third Parties").

**Page 10 of 44.**

Same comments as immediately above regarding subparagraph (d), Prepetition Liens, and paragraph (ii), No Challenges/Claims, not binding on Third Parties.

**Page 11 of 44.**

Please explain why is necessary in subparagraph (iii) to provide for indemnity to the very obligors on the prepetition debt. Further, even if there is indemnity, why should it exclude "gross negligence or willful misconduct" but not any negligence.
//

**Page 12 of 44.**

Subparagraph (iv), Release, cannot be binding on Third Parties.

**Page 15 of 44.**

There appears to be a word missing, making unclear the language on line 6 and 7 that reads ". . . under the DIP Loan, the Liquidity the Debtors shall not . . ."

The phrase "Professional Fees Account" at line 9, said to be "defined below", is not defined in the PIO or in the DIP Credit Agreement.

**Page 16 of 44.**

Subparagraph (vi) includes a "good faith" finding under Bankruptcy Code § 364(e) but there is no admissible evidence in the record establishing the good faith of the DIP lenders. The court will accept a declaration from a responsible representative of the lenders to satisfy that issue. See the published Practices & Procedures on the court's website for including an analogous provisions for a buyer under Section 363(m).

**Page 22 of 44.**

The phrase "Excluded Property" at lines 12-13 (and several other later places) is not defined in the PIO or in the DIP Credit Agreement.

**Page 28 of 44.**

In paragraph 9(a)(i), the prepetition adequate protection liens should only apply to any diminution of value in prepetition <u>perfected</u> collateral.

//
//

Case: 24-50211    Doc# 53    Filed: 03/08/24    Entered: 03/08/24 16:38:00    Page 3 of 5

**Page 30 of 44.**

The provisions of subparagraph (b)(ii) purport to grant immediate relief from the automatic stay as to certain identified assets but require relief from stay as to others. There should no immediate relief regarding any assets.

**Page 32 of 44.**

The critical provisions of paragraph IV, 13 (a) and (b), Effect of Stipulations, are obscure in their present location and confusing with its reference back to paragraph D. The PIO should reflect specifically that the various concessions by the Debtors about perfected liens, releases, etc. only apply to it, and not to any Third Parties. They should be readily observable and determinable in the context of, and at the same location in the PIO, as the Debtors' concessions.

As a minor matter, at line 23, there is a reference to subparagraph (c) without any text.

**Page 33 of 44.**

The reference at the top to section 364(e) is redundant. See prior comments.

**Page 37 of 44.**

The binding nature of the PIO on all other parties should be limited specifically to anything pertaining to the DIP Loan or other postpetition matters.

**Page 38 of 44.**

Same comment regarding paragraph 24 excluding Third Parties.

**Page 39 of 44.**

Limitations on lender Liability and Release can only be binding on the Debtor in Possession and not on Third Parties.

**Page 43 of 44.**

In paragraph 35, there is reference to "this paragraph 38". That error should be corrected.

**\*\*END OF CONCERNS\*\***