**KELLER BENVENUTTI KIM LLP**
JANE KIM (Cal. Bar No. 298192)
(jkim@kbkllp.com)
JEREMY V. RICHARDS (Cal. Bar No. 102300)
(jrichards@kbkllp.com)
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone: (415) 496-6723
Facsimile: (650) 636-9251

*Proposed Attorneys for Debtors and
Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>TRINITAS ADVANTAGED AGRICULTURE PARTNERS IV, LP, *et al.*,[1]<br><br>Debtors. | Case No. 24-50211 (DM) (Lead Case)<br><br>Chapter 11<br><br>(Jointly Administered)<br><br>**MOTION OF THE DEBTORS PURSUANT TO 11 U.S.C. §§ 105 AND 365 AND B.L.R. 6006-1(a) FOR ORDER APPROVING THE ASSUMPTION AND ASSIGNMENT OF UNEXPIRED LEASE OF NON-RESIDENTIAL REAL PROPERTY AS OF MARCH 18, 2024**<br><br>Date: April 19, 2024<br>Time: 10:00 a.m. (Pacific Time)<br>Place: **Tele/Videoconference Appearances Only**<br>United States Bankruptcy Court<br>450 Golden Gate Avenue<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |

---

[1] The last four digits of Trinitas Advantaged Agriculture Partners IV, LP's tax identification number are 3730. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://www.donlinrecano.com/trinitas. The Debtors' service address is 2055 Woodside Road, Suite 195, Redwood City, CA 94061.

Trinitas Farming, LLC ("TF"), together with Trinitas Advantaged Agriculture Partners IV, LP ("TAAP IV"), and the TAAP IV debtor affiliates (the "Debtor Farm Subsidiaries," collectively with TF and TAAP IV, "Trinitas Farming," the "Company," or the "Debtors") who are debtors and debtors in possession in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), move this Court (the "Motion") pursuant to sections 105 and 365 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6006-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "Bankruptcy Local Rules") for entry of an order, in substantially the form attached hereto as **Exhibit A**, allowing the Debtors to assume the lease covering office space at the premises located at 2055 Woodside Road, Suite 195, Redwood City, CA (the "Lease") and to enter into an amendment to that lease (the "Assignment") assigning it to non-Debtor Pomona Farming (defined below), effective as of March 18, 2024, and granting related relief.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    JURISDICTION AND VENUE

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a).  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

The statutory predicate for the relief requested herein is sections 105(a) and 365, including, without limitation, subsections (a), (b), (f), and (k) thereof, of the Bankruptcy Code.

### II.   BACKGROUND

#### A.    General Background[2]

On February 19, 2024 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern

---

[2] Unless otherwise indicated, the facts and circumstances supporting this section are set forth in the *Declaration of Kirk Hoiberg in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration") [Case No. 24-50210, Dkt. 15].  Capitalized terms used but not defined in this Motion have the meanings ascribed to them in the First Day Declaration.

District of California, thereby commencing the Chapter 11 Cases. The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On March 7, 2024, the United States Trustee appointed an official committee of unsecured creditors (the "Committee") in these Chapter 11 Cases. *See* Dkt. No. 43. No trustee or examiner has been appointed in these Chapter 11 Cases.

Historically, and until shortly before the Petition Date, TF served as a "clearinghouse" for the financial transactions involved in purchasing goods and services for the Debtor Farm Subsidiaries. TF provided these services at allocated cost, i.e., with no markup or profit to TF. These services include, but are not limited to, farm production management, crop health, agronomy, pest control, harvest, sustainability, equipment/fleet operations, procurement, and finance/accounting.

In addition to providing services to the Debtor Farm Subsidiaries, TF provided these services, on a shared, allocated-cost basis (including the allocated cost of TF's payroll), to non-Debtor Pomona Farming LP, a Delaware limited partnership ("Pomona Farming"), which owns almond and other orchards/farms adjacent or close to some of the Portfolio properties.[3] TF provided these services to Pomona Farming pursuant to a Farm Services Agreement dated March 31, 2017 (the "Original Farm Services Agreement"), on the same at-cost terms as those provided to the Debtors.

In light of the Debtors' financial situation, the Debtors determined that it would be in the Debtors' and their creditors' best interests to reduce ongoing obligations, including to employees, vendors, and Pomona Farming, by terminating TF's employees, having Pomona Farming rehire the same employees, and entering into an Amended and Restated Farm Services Agreement (the "Amended and Restated Farm Services Agreement"), dated February 15, 2024.[4] Pursuant to the Amended and Restated Farm Services Agreement, Pomona Farming provides the same services to

---

[3] The relationship between the Debtors and Pomona Farming is described in further detail in the First Day Declaration at paragraph 15.

[4] The summary description of the Amended and Restated Farm Services Agreement provided here and in the First Day Declaration is qualified by reference to the terms of the Amended and Restated Farm Services Agreement.

the Debtor Farm Subsidiaries and other orchards owned by TAAP IV as were previously provided to Pomona Farming by TF under the Original Farm Services Agreement, on the same at-cost basis and the same or similar terms.

The Debtors intend to continue performing under the Amended and Restated Farm Services Agreement throughout the pendency of the Chapter 11 Cases. As a result of that agreement, TF has no employees and no further need of the office space covered by the Lease. *Declaration of Kirk Hoiberg in Support of Motion of the Debtors Pursuant to 11 U.S.C. §§ 105, 363(B)(1), and 365 for Order Approving the Assumption and Assignment of Unexpired Lease of Non-Residential Real Property* ("Hoiberg Declaration") ¶ 4. The Debtors do, however, have a significant interest in Pomona Farming being able to remain in the space and continue their operations, including providing services to the Debtor Farm Subsidiaries under the Amended and Restated Farm Services Agreement, without disruption. *Id.* ¶ 5.

### B. The Lease and the Assignment

Non-debtor Trinitas Partners, LLC entered into the original Lease for office space at the premises located at 2055 Woodside Road, Suite 195, Redwood City, CA 94061 in April 2015. Hoiberg Declaration ¶ 6. The Lease was amended in June 2015 to change the lease term and make other changes not relevant to this motion. *Id.* ¶ 7. Through a second amendment, effective October 31, 2018, TF assumed the Lease. *Id.* ¶ 8. The second amendment and a third amendment that was effective September 30, 2019, made changes to the suites leased by TF, rent charged, pass-through expenses, and other items. *Id.* ¶ 9. In 2021, the original landlord sold its interest in the premises to the current landlord, Ashylan, LLC (the "Landlord"). *Id.* ¶ 10.

The Landlord has consented to the Lease being assumed by TF and assigned to non-Debtor Pomona Farming LP ("Pomona Farming") via the Assignment. *Id.* ¶ 11.

The monthly rent is currently $15,406.22 and increases on August 1, 2024, by an agreed amount set forth in the third amendment to the Lease. *Id.* ¶ 12. There are no prepetition arrearages owed to the Landlord. *Id.*

KELLER BENVENUTTI KIM LLP
425 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105

As of March 12, 2024, unpaid post-petition rent of $15,406.22 was due to the Landlord. *Id*. ¶ 13. Under the Assignment, Pomona Farming will pay that accrued rent, as well as any additional rent that accrues through and including the effective date of the assignment. *Id*. ¶ 14.

Pomona Farming will also pay all reasonable, documented legal fees incurred by the Landlord in connection with the Assignment, as provided under the Lease. *Id*. ¶ 15. The Assignment provides that TF has no liability with respect to the foregoing. *Id*.

### III. ARGUMENT

#### A. Assumption of the Lease and its assignment to Pomona Farming is beneficial to the state.

Bankruptcy Code section 365(a) authorizes a debtor in possession, "subject to the court's approval," to " assume or reject any executory contract or unexpired lease of the debtor." Courts review a debtor's decision to assume an executory contract under the "business judgment standard." *See, e.g.*, *Agarwal v. Pomona Valley Med. Grp., Inc. (In re Pomona Valley Med. Grp., Inc.)*, 476 F.3d 665, 670 (9th Cir. 2007) (applying the Ninth Circuit's interpretation of the business judgment rule in evaluating a rejection decision under section 365(a)); *Orion Pictures Corp. v. Showtime Networks (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1099 (2d Cir. 1993) (applying business judgment rule in context of assumption of a contract).

As a general matter, the business judgment rule is satisfied in the Ninth Circuit where a company's directors acted on an informed basis, in good faith, with the honest belief that the actions taken were in the best interests of the company. *See, e.g., F.D.I.C. v. Castetter*, 184 F.3d 1040, 1043 (9th Cir. 1999) (the business judgment rule "requires directors to perform their duties in good faith and as an ordinarily prudent person in a like circumstance would"); *see also, e.g.*, *Comm. of Asbestos-Related Litigants v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986) ("Where the debtor articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to the debtor's conduct.").

In applying the business judgment rule under section 365(a), "the bankruptcy court should presume that the debtor-in-possession acted prudently, on an informed basis, in good faith, and in

KELLER BENVENUTTI KIM LLP
425 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105

the honest belief that the action taken was in the best interests of the bankruptcy estate." *In re Pomona Valley Med. Grp.*, 476 F.3d at 670; *see also* 3 Collier on Bankruptcy P 365.03 (noting that the *In re Pomona Valley Med. Group* court's broad reading of the business judgment rule in the context of executory contract rejection "presumably [applied to] assumption as well"). The court should approve the decision to reject or assume a contract under section 365 unless it finds that the decision "is so manifestly unreasonable that it could not be based on sound business judgment, but only on bad faith, or whim or caprice." *In re Pomona Valley Med. Grp.*, 476 F.3d at 670 (quoting *Lubrizol Enter. v. Richmond Metal Finishers*, 756 F.2d 1043, 1047 (4th Cir. 1985)).

The Court may also rely on its equitable powers under section 105 of the Bankruptcy Code to grant the relief requested in this Motion. Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Under section 1107(a) of the Bankruptcy Code, "the debtor in possession has the same fiduciary duties and liabilities as a trustee. When the debtor is a corporation, corporate officers and directors are considered to be fiduciaries both to the corporate debtor in possession and to the creditors." *In re Anchorage Nautical Tours, Inc.*, 145 B.R. 637, 643 (B.A.P. 9th Cir. 1992); *see also In re Curry & Sorensen, Inc.*, 57 B.R. 824, 828 (B.A.P. 9th Cir. 1986) ("[T]he debtor's directors bear essentially the same fiduciary obligation to creditors and shareholders as would a trustee for a debtor out of possession." (emphasis omitted)). Accordingly, transactions outside the ordinary course may be necessary to realize the objectives of the Bankruptcy Code, such as the preservation and enhancement of the value of a debtor's estate for the benefit of all creditors and other stakeholders. *See, e.g., Gordon v. Hines (In re Hines)*, 147 F.3d 1185, 1191 (9th Cir. 1998) (applying "essentially a doctrine of necessity" to provide for the payment of the fees of debtor's counsel in chapter 7 cases because without this right the "entire [chapter 7] system would suffer a massive breakdown").

The Debtors have determined in their sound business judgment that assumption of the Lease by the Debtors under section 365(a) and assignment of the Lease to Pomona Farming under section 365(f) is in the best interest of the estates. Pomona Farming's offices are located in the

space covered by the Lease, and Pomona Farming is providing financial, accounting, operational, and other services to the Debtors through the Amended and Restated Farm Services Agreement. First Day Declaration ¶¶ 15–18. If the Debtors do not assume the Lease within the statutory time period prescribed under section 365(d)(4), and it is deemed rejected pursuant to that statute, Pomona Farming might be required to immediately search for new space. Hoiberg Decl. ¶ 16. If that were required, Pomona Farming would likely have no choice but to enter into a lease under terms that would not be as favorable as those available under the Lease. *Id*. Pomona Farms would also incur all of the expenses associated with relocating its offices. *Id*. ¶ 17. Because Pomona Farming provides the services under the Amended and Restated Farm Services Agreement on a shared, allocated-cost basis (First Day Declaration ¶¶ 15–16), the Debtors' portion of these additional expenses would presumably be passed through to the Debtors' estates (Hoiberg Decl. ¶ 18). Further, allowing Pomona Farming to remain in the existing space at this juncture would avoid a significant disruption of its business during a critical time in the Debtors' chapter 11 cases. *Id*. ¶ 19. This would greatly benefit the estates as it would allow uninterrupted service from Pomona Farming under the Amended and Restated Farm Services Agreement, prevent unnecessary increased costs under that agreement, and provide relief for the Debtors from a lease they no longer need. *Id*.

**B.     The requirements for assumption and assignment have been met.**

If there has been a default under an unexpired lease, section 365(b)(1) requires that, before a debtor in possession may assume that lease, it must (i) cure the default or provide adequate assurance that it will promptly do so; (ii) compensate, or provide adequate assurance that it will promptly compensate, the other party for any actual pecuniary loss it suffered from the default; and (iii) provide adequate assurance of future performance under the lease. Because there has been no default here, the requirements of section 365(b)(1) do not apply.

Under section 365(f)(1), the debtor in possession may assign an unexpired lease, so long as the requirements of subsection (f)(2) are met. Under section 365(f)(2), the debtor in possession may assign an unexpired lease so long as it assumes the lease "in accordance with the provisions

of this section" and provides "adequate assurance of future performance by the assignee . . ., whether or not there has been a default in [the] lease."

The Debtors have provided adequate assurance of future performance by assigning the Lease to non-Debtor Pomona Farming. The Landlord has agreed that this constitutes adequate performance by consenting to the Assignment.

The Debtors have demonstrated that they have sound business justifications for assuming the Lease and assigning it to Pomona Farming. For these reasons, the Court should approve the Debtors' assumption of the Lease and its assignment to Pomona Farming under sections 365(a) and (f) and relieve the Debtors from any liability for any breach of the lease after such assignment under section 365(k).

## IV. NOTICE

Notice of this Motion will be provided to (i) the Office of the United States Trustee for Region 17 (Attn: Trevor Fehr and Paul Leahy); (ii) counsel for the Committee; (iii) Rabo Ag; (iv) Ashylan, LLC; (v) Pomona Farming; and (vi) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. No previous request for the relief sought herein has been made by the Debtors to this or any other court. The Debtors respectfully submit that no further notice is required.

## V. CONCLUSION

**WHEREFORE**, the Debtors respectfully request that the Court enter an Order (i) granting the Motion; (ii) approving the Debtor's assumption of the Lease, pursuant to section 365(a) of the Bankruptcy Code, effective as of March 18, 2024; (iii) authorizing Debtor TF to enter into the Assignment under section 365(f) of the Bankruptcy Code, effective as of March 18, 2024; (iv) relieving the Debtors from any liability for any breach of the lease after such assignment

pursuant to Bankruptcy Code section 365(k); and (v) granting such other and further relief as the Court may deem just and appropriate.

Dated: March 18, 2024                                                         **KELLER BENVENUTTI KIM LLP**

                                                               By: */s/ Jane Kim*
                                                                      Jane Kim

*Proposed Attorneys for Debtors and Debtors in Possession*

KELLER BENVENUTTI KIM LLP
425 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105