# GENERAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMERS REGARDING DEBTORS' SCHEDULES E/F

On February 19, 2024 (the "Petition Date"), Trinitas Advantaged Agriculture Partners IV, LP, Trinitas Farming, LLC, Dixon East LLC; Turf Ranch LLC; Rasmussen LLC; Johl LLC; Chiala LLC; Hall Ranch LLC; Dinuba Ranch, LLC; Porterville LLC; Tule River Ranch, LLC; Jeffrey Ranch, LLC; Toor Ranch, LLC; Lamb Ranch, LLC; Fry Road, LLC; Adobe Ranch, LLC; Marucci Ranch, LLC; Ratto Ranch, LLC; and Phelps Ranch, LLC, as debtors and debtors in possession (collectively, the "Debtors"), each commenced a case (the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of California (the "Bankruptcy Court"). The Debtors are authorized to operate their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' Chapter 11 Cases have been consolidated under case number 24-50211 (DM) for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**OVERVIEW OF GENERAL NOTES**

The Debtors have filed herewith consolidated Schedules E/F ("Schedules E/F") and will subsequently be filing non-consolidated Schedules of Assets and Liabilities ("Schedules") and Statements of Financial Affairs ("Statements"). These *General Notes and Statement of Limitations, Methodology, and Disclaimers Regarding Debtors' Schedules and Statements* (the "General Notes") relate to each of the Debtors' Schedules and Statements and set forth the basis upon which the Schedules and Statements are presented. **These General Notes pertain to, are incorporated by reference in, and comprise an integral part of the Schedules and Statements and should be referred to and considered in connection with any review of the Schedules and Statements**. The General Notes are in addition to any specific notes contained in any Debtor's Schedules or Statements. The General Notes are presented for each individual Debtor, however, each provision contained in the General Notes may not apply to all Debtors. Disclosure of information in one Schedule or Statement, exhibit, or continuation sheet, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedule or Statement, exhibit, or continuation sheet. Nothing contained in the Schedules and Statements shall constitute a waiver of any rights or claims of the Debtors against any third party, or in or with respect to any aspect of these Chapter 11 Cases.

**The Schedules, Statements, and General Notes should not be relied upon by any person for information relating to the current or future financial conditions, events, or performance of any of the Debtors.**

The Schedules and Statements have been prepared, pursuant to section 521 of the Bankruptcy Code and Bankruptcy Rule 1007, by the Debtors' management with the assistance of their advisors and other professionals. The Schedules and Statements contain unaudited information, which is subject to further review and potential adjustment. Reasonable efforts have been made to provide accurate and complete information herein based upon information that was available at the time of preparation; however, subsequent information or discovery thereof may result in material changes to the Schedules and Statements and inadvertent errors or omissions may exist. Nothing contained in the Schedules and Statements shall constitute a waiver of any of the Debtors' rights with respect

to the Chapter 11 Cases, including with respect to any issues involving substantive consolidation, recharacterization, equitable subordination, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws to recover assets or avoid transfers.

The Debtors and their agents, attorneys, and financial advisors expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided herein, or to notify any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused, even if the Debtors or their agents, attorneys, and financial advisors are advised of the possibility of such damages.

The Debtors reserve all rights to amend, modify, or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, but not limited to, the right to dispute or otherwise assert offsets or defenses to any claim reflected on the Schedules and Statements as to amount, liability, or classification, or to otherwise subsequently designate any claim as "disputed," "contingent" or "unliquidated." Furthermore, nothing contained in the Schedules and Statements shall constitute an admission of any claims or a waiver of any of the Debtors' rights with respect to the Chapter 11 Cases, including with respect to any issues involving causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws to recover assets or avoid transfers.

The Schedules and Statements for each Debtor have been signed by Kirk Hoiberg, Principal of each of the Debtors. In reviewing and signing the Schedules and Statements, Mr. Hoiberg necessarily relied upon the efforts, statements, and representations of various personnel employed by the Debtors and their advisors and other professionals. Mr. Hoiberg has not (and could not have) personally verified the accuracy of each such statement and representation, including, without limitation, statements and representations concerning amounts owed to creditors, classification of such amounts, and their addresses.

**Trinitas Advantaged Agriculture Partners IV, LP, et al.: Schedule E/F General Notes**

1. <u>Basis of Presentation.</u> Information contained in the Schedules and Statements has been derived from the Debtors' books and records and historical financial statements. The Schedules and Statements do not purport to represent financial statements prepared in accordance with United States Generally Accepted Accounting Principles ("<u>GAAP</u>"), nor are they intended to fully reconcile with the financial statements of each Debtor.

2. <u>Amendment.</u> Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements. Despite these efforts, inadvertent errors or omissions may exist. The Debtors reserve all rights to, but are not required to, amend or supplement, or both, the Schedules and Statements from time to time as is necessary and appropriate.

3. <u>Recharacterization.</u> The Debtors have made reasonable efforts to correctly characterize, classify, categorize, and designate assets, liabilities, executory contracts, unexpired leases, and other items reported in the Schedules and Statements. However, due to the complexity and size of the Debtors' business and operations, the Debtors may have improperly characterized, classified, categorized, or designated certain items. The Debtors reserve all of their rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements as necessary or appropriate as additional information becomes available, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired postpetition.

4. <u>Confidentiality.</u> There may be instances in the Schedules and Statements where the Debtors have deemed it necessary and appropriate to redact or withhold from the public record information such as names, addresses, or amounts. Typically, the Debtors have used this approach because of an agreement between the Debtors and a third party, concerns of confidentiality, or concerns for the privacy of an individual. In addition, certain agreements may not have been included on the Schedules because publicly disclosing such agreements may violate the terms set forth therein.

5. <u>Cash Management System.</u> The Debtors use a consolidated cash management system through which the Debtors collect substantially all receipts and pay liabilities and expenses. As a result, certain payments in the Schedules and Statements may have been made prepetition by one entity on behalf of another entity through the operation of the consolidated cash management system. The Debtors' prepetition cash management system is described in the *Motion of the Debtors Pursuant to 11 U.S.C. §§ 105, 363, and 503(B) for Interim and Final Orders (I) Approving Continued Use of the Debtors' Cash Management System and Bank Accounts; (II) Authorizing the Debtors to Open and Close Bank Accounts; and (III) Authorizing Banks to Honor Certain Prepetition Transfers* (the "<u>Cash Management Motion</u>") dated February 19, 2024 [Docket No. 10].

6. <u>Currency.</u> Unless otherwise indicated, all amounts are reflected in U.S. dollars.

7. <u>Liabilities.</u> The Debtors have sought to allocate liabilities between the prepetition and postpetition periods based on information and research that was conducted or available in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and postpetition periods may change. The Debtors reserve all of the rights to amend, supplement, or otherwise modify the Schedules and Statements as they deem necessary or appropriate.

The liabilities listed on the Schedules and Statements do not reflect any analysis of claims under section 503(b)(9) of the Bankruptcy Code. Accordingly, the Debtors reserve all rights to dispute or challenge the validity of any asserted claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's claim.

8. <u>Taxes.</u> Claims listed on the Debtors' Schedule E/F include claims owing to various taxing authorities to which the Debtors may potentially be liable. However, certain of such claims may be subject to ongoing audits and the Debtors are otherwise unable to determine with certainty the

amount of many, if not all, of the claims listed on Schedule E/F. Therefore, the Debtors have listed estimated claim amounts, where possible, or alternatively listed such claims as unknown in amount and marked the claims as unliquidated, pending final resolution of ongoing audits or other outstanding issues. The Debtors reserve their right to dispute or challenge whether such claims are entitled to priority.

9. Unknown Amounts. Claim amounts that could not readily be quantified by the Debtors are scheduled as "unknown." These may include claims for prepetition services for which the Debtors have not yet received invoices. The description of an amount as "unknown" is not intended to reflect upon the materiality of the amount.

10. Excluded Liabilities. The Debtors may have excluded from the Schedules certain of the following items, which may be included in their GAAP financial statements: certain accrued liabilities, including, without limitation, accrued salaries, employee benefit accruals, and certain other accruals. Other non-material liabilities may also have been excluded.

11. Intercompany Claims. Because these schedules are consolidated, intercompany claims among the Debtors are not reflected. The listing by the Debtors of any account between the Debtors or between a Debtor and a non-Debtor affiliate is a statement of what appears in a particular Debtor's books and records and does not reflect any admission or conclusion of the Debtors regarding the allowance, classification, characterization, validity, or priority of such account. The Debtors take no position in these Schedules and Statements as to whether such accounts would be allowed as claims, interests, or not allowed at all.

12. Claim Description. Any failure to designate a claim in the Schedules and Statements as "contingent," "unliquidated," or "disputed" does not constitute an admission that such claim or amount is not "contingent," "unliquidated," or "disputed." The Debtors reserve all of their rights to dispute, or to assert offsets or defenses to, any claim reflected on these Schedules and Statements on any grounds, including, without limitation, amount, liability, priority, status, or classification, or to otherwise subsequently designate any claim as "contingent," "unliquidated," or "disputed." Moreover, although the Debtors may have scheduled claims of various creditors as secured claims for informational purposes, no current valuation of the Debtors' assets in which such creditors may have a lien has been undertaken. Moreover, the Debtors reserve all of their rights to, but are not required to, amend, supplement, or otherwise modify their Schedules and Statements as necessary and appropriate, including modifying claims descriptions and designations.

13. Debt Representatives. Claims relating to the repayment of principal, interest and other fees and expenses under agreements governing any syndicated credit facility where the identities of the lenders or other parties in interest are not known with certainty are scheduled listing the administrative agent under the applicable credit facility.

14. Unliquidated Claim Amounts. Claim amounts that cannot be readily quantified by the Debtors will be scheduled as "unliquidated." To the extent the Debtors are able to ascertain or estimate all or a portion of the claim amounts, they may list the known or estimated claim amount and mark the claims as unliquidated, pending final resolution of outstanding issues necessary to determine the total claim amount with certainty.

15. <u>Guarantees and Other Second Liability Claims.</u> The Debtors have used commercially reasonable efforts to locate and identify guarantees and other secondary liability claims (collectively, the "<u>Guarantees</u>") in their executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements. Where Guarantees have been/are identified, they have been/will be included in the relevant Schedules D, E/F, G, and H. Guarantees will generally been included in Schedules as "contingent" unless otherwise specified. While the Debtors have used commercially reasonable efforts to locate and identify Guarantees, it is possible that Guarantees embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements may have been inadvertently omitted. The Debtors reserve all of their rights to, but are not required to, amend, supplement, or modify the Schedules if additional Guarantees are identified.

16. <u>Post-petition Agreements.</u> The Debtors have entered into and may continue to enter into certain post-petition agreements with creditors and other counterparties such as landlords and critical vendors with respect to the amounts of pre-petition claims or cure amounts. The amounts listed in the Schedules and Statements represent amounts owed as of the Petition Date and are not intended to be a waiver or repudiation of any such post-petition agreement. The Debtors reserve all of their rights to, but are not required to, amend, supplement, or otherwise modify their Schedules and Statements as necessary and appropriate to reflect such post-petition agreements, including modifying claims descriptions and designations.

17. <u>Totals.</u> All totals that are included in the Schedules and Statements represent totals of all the known amounts included in the Schedules and Statements and exclude items identified as "unknown" or "unliquidated." If there are unknown or unliquidated amounts, the actual totals may be materially different from the listed totals.

**Specific Disclosures with Respect to the Debtors' Schedule E/F**

18. <u>Schedule E/F: Creditors Who Have Unsecured Claims.</u> Part 2 of Schedule E/F does not include certain deferred charges, deferred liabilities or general reserves. Such amounts are general estimates of liabilities and do not represent specific claims as of the Petition Date; however, they are reflected on the Debtors' books and records as required in accordance with GAAP. The claims listed in Part 2 of Schedule E/F arose or were incurred on various dates. In certain instances, the date on which a claim arose is an open issue of fact. While commercially reasonable efforts have been made, determining the date upon which each claim in Part 2 of Schedule E/F was incurred or arose would be, in certain cases, unduly burdensome and cost prohibitive and, therefore, the Debtors have not listed a date for each claim listed on Part 2 of Schedule E/F. Part 2 of Schedule E/F may contain information regarding potential, pending and closed litigation involving the Debtors. The inclusion of any litigation in these Schedules and Statements does not constitute an admission by any Debtor of liability, the validity of any action, the availability of insurance coverage, or the amount or treatment of any claims, defenses, counterclaims, or cross-claims or the amount or treatment of any potential claim resulting from any current or future litigation. The claims of individual creditors are generally listed at the amounts recorded on the Debtors' books and records and may not reflect credits or allowances due from the creditor. The Debtors reserve all of their rights concerning credits or allowances. The Bankruptcy Court entered First Day Orders granting authority to the Debtors to pay certain prepetition obligations in the ordinary course of

business. Accordingly, only claims against the Debtors for prepetition amounts that have not been paid as of the Petition Date have been included in Part 2 of Schedule E/F. The Debtors reserve their rights to object to any listed claims on the ground that, among other things, they have already been satisfied. Additionally, Part 2 of Schedule E/F does not include potential rejection damage claims, if any, of the counterparties to executory contracts and unexpired leases that may be rejected.