

Signed and Filed: March 21, 2024

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

**KELLER BENVENUTTI KIM LLP**
JANE KIM (Cal. Bar No. 298192)
(jkim@kbkllp.com)
JEREMY V. RICHARDS (Cal. Bar No.
(jrichards@kbkllp.com)
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone: (415) 496-6723
Facsimile: (650) 636-9251

*Proposed Attorneys for Debtors and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>TRINITAS ADVANTAGED AGRICULTURE PARTNERS IV, LP, *et al.*,[1]<br><br>Debtors. | Case No. 24-50211 (DM) (Lead Case)<br>Chapter 11<br>(Jointly Administered)<br><br>**FINAL ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 366 ESTABLISHING ADEQUATE ASSURANCE PROCEDURES WITH RESPECT TO THE DEBTORS' UTILITY PROVIDERS**<br><br>Date: March 14, 2024<br>Time: 10:00 a.m. (Pacific Time)<br>Place: **Tele/Videoconference Appearances Only**<br>United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |

---

[1] The last four digits of Trinitas Advantaged Agriculture Partners IV, LP's tax identification number are 3730. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://www.donlinrecano.com/trinitas. The Debtors' service address is 2055 Woodside Road, Suite 195, Redwood City, CA 94061.

Upon the Motion, dated as of the Petition Date (the "<u>Motion</u>"),[2] of the above-captioned debtors and debtors in possession (the "<u>Debtors</u>") in the Chapter 11 Cases, pursuant to sections 105 and 366 of the Bankruptcy Code and Rules 6003 and 6004 of the Bankruptcy Rules, for interim and final orders (i) establishing procedures for requests for additional assurance of payment; (ii) prohibiting the Utility Companies from altering, refusing or discontinuing services to, or discriminating against the Debtors; (iii) approving an adequate assurance deposit as adequate assurance of post-petition payment to the Utility Companies; and (iv) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "<u>Bankruptcy Local Rules</u>"); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Motion as provided to the parties listed therein is reasonable and sufficient under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion and the First Day Declaration; and this Court having held hearings to consider the relief requested in the Motion on an interim and final basis; and this Court having previously entered an order granting interim relief with respect to the Motion [Docket No. 19]; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates as contemplated by Bankruptcy Rule 6003, and is in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in interest; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

/ / /

---

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted on a final basis, as provided herein.

2. Subject to the procedures described below, no Utility Company, including any Subsequently Added Utility, may (a) alter, refuse, terminate, or discontinue utility services to, and/or discriminate against, the Debtors on the basis of the commencement of the Chapter 11 Cases or on account of outstanding prepetition invoices or (b) require additional assurance of payment, other than the Proposed Adequate Assurance, as a condition to the Debtors receiving such utility services.

3. The Debtors shall deposit $275,000.00 (the "Adequate Assurance Deposit") into a segregated account (the "Adequate Assurance Account") within twenty days of the Petition Date.

4. The Adequate Assurance Deposit (the "Proposed Adequate Assurance") constitutes sufficient adequate assurance of future payment to the Utility Companies and satisfies the requirements of section 366 of the Bankruptcy Code.

5. The following Adequate Assurance Procedures are approved in all respects:

    (a) The Debtors will fax, e-mail, serve by overnight mail, or otherwise expeditiously cause a copy of this Motion and the order granting, on a final basis, the relief requested in the Motion (the "Final Order"), which shall include the proposed Adequate Assurance Procedures, to be served on each Utility Company within two (2) business days after entry of the Final Order.

    (b) The Debtors will deposit the Adequate Assurance Deposit in the Adequate Assurance Account within twenty (20) calendar days after entry of the Interim Order [Dkt. No. 19], provided, however, that the Adequate Assurance Deposit may be reduced in accordance with the paragraphs below.

    (c) Any Utility Company desiring assurance of future payment for utility service beyond the Proposed Adequate Assurance must serve a request (an "Additional Assurance Request") at the following address: (i) Trinitas Advantaged Agriculture Partners IV, LP, 2055 Woodside Road, Suite 195, Redwood City, CA 94061 (Attn: Kirk Hoiberg) and (ii) Keller Benvenutti Kim LLP, 425 Market Street, 26th Floor, San Francisco, CA 94105 (Attn: Jane Kim, Esq.) (collectively, the "Notice Parties").

    (d) Any Additional Assurance Request must: (i) be made in writing; (ii) specify the amount and nature of assurance of payment that would be satisfactory to the Utility Company; (iii) set forth the locations for which utility services are provided and the relevant account number(s); (iv) describe any deposits, prepayments or other security currently held by

the requesting Utility Company; (v) describe any payment delinquency or irregularity by the Debtors for the postpetition period, if any; and (vi) explain why the requesting Utility Company believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

(e) If a Utility Company fails to serve on the Notice Parties an Additional Assurance Request, such Utility Company shall be (i) deemed to have received adequate assurance of payment "satisfactory" to such Utility Company in compliance with section 366 of the Bankruptcy Code and (ii) prohibited from discontinuing, altering, or refusing service to, or discriminating against, the Debtors on account of the commencement of the Debtors' Chapter 11 Cases or any unpaid prepetition charges and from requiring additional assurance.

(f) If an Additional Assurance Request is delivered upon the Notice Parties, the Debtors, in consultation with the official committee of unsecured creditors (the "Committee"), shall have twenty-one days from receipt of such Additional Assurance Request (the "Resolution Period") to negotiate with the requesting Utility Company to resolve the Utility Company's Additional Assurance Request. The Resolution Period may be extended by agreement of the Debtors, in consultation with the Committee, and the applicable Utility Company without application to or approval of the Court.

(g) The Debtors are authorized to resolve, in their discretion and in consultation with the Committee, any Additional Assurance Request by agreement with the requesting Utility Company without further order of the Court and, in connection with any such agreement and in their discretion, may provide the requesting Utility Company with alternative adequate assurance of payment including cash deposits, prepayments, or other forms of security, if the Debtors, in consultation with the Committee, believe such alternative assurance is reasonable.

(h) If the Debtors, after consulting with the Committee, determine that an Additional Assurance Request is not reasonable and the parties are not able to resolve such request during the Resolution Period, the Debtors will request a hearing before the Court to determine the adequacy of assurances of payment made to the requesting Utility Company (the "Determination Hearing"), pursuant to section 366(c)(3)(A) of the Bankruptcy Code.

(i) Pending the resolution of the Additional Assurance Request at a Determination Hearing, the Utility Company making such a request may not discontinue, alter, or refuse service to the Debtors on account of unpaid charges for prepetition services or an alleged lack of adequate assurance of payment.

(j) Absent compliance with the Adequate Assurance Procedures and the terms of this Final Order granting the relief requested in the Motion, the Debtors' Utility Companies are prohibited from altering, refusing, or discontinuing service on account of the commencement of these Chapter 11

Cases and/or any unpaid charges for prepetition services provided to any of the Debtors and are deemed to have received adequate assurance of payment in accordance with section 366 of the Bankruptcy Code.

6. All Utility Companies shall be deemed to have adequate assurance of payment under section 366 of the Bankruptcy Code unless and until: (a) the Debtors, in their discretion, agree to (i) an Additional Assurance Request or (ii) an alternative assurance of payment with the Utility Company during the Resolution Period; or (b) this Court enters an order at any Determination Hearing requiring that additional adequate assurance of payment be provided.

7. To the extent that the procedures set forth herein are not in technical compliance with certain time periods set forth in section 366 of the Bankruptcy Code, the Debtors have demonstrated good cause for the extension of the thirty-day and twenty-day protective time periods under sections 366(c)(2) and 366(b) of the Bankruptcy Code, respectively.

8. Nothing herein constitutes a finding that any entity is or is not a Utility Company hereunder or under section 366 of the Bankruptcy Code, whether or not such entity is listed on the Utility Service List.

9. The Debtors are authorized, in their discretion, to amend the Utility Service List to add or delete any Utility Company, and this Final Order and the Adequate Assurance Procedures shall apply to any Subsequently Added Utility. Promptly upon providing a copy of this Final Order to a Subsequently Added Utility, the Debtors shall increase the Adequate Assurance Deposit by an amount equal to approximately one month of the Debtors' estimated aggregate utility expense for such Subsequently Added Utility subsequent to the Petition Date. If any utility account with a Utility Company is closed or terminated during the course of these Chapter 11 Cases, without the need for further order of this Court or notice to any parties except as otherwise provided herein, the Debtors shall be authorized to decrease the amount of the Adequate Assurance Deposit by withdrawing from the Adequate Assurance Account the amount deposited with respect to such terminated account upon either (i) obtaining the affected Utility Company's consent to do so or (ii) filing with this Court and serving upon the affected Utility Company a notice of the Debtors' intent to reduce the Adequate Assurance Deposit within fourteen (14) days thereof and receiving

no response thereto. Upon the effective date of a chapter 11 plan in these cases, the Debtors may close the Adequate Assurance Account without the need for any notice to, or action, order or approval of, this Court.

10. The Debtors shall serve a copy of this Final Order on each Utility Company listed on the Utility Service List within two business days after the date of this Final Order is entered, and shall promptly serve this Final Order on any Subsequently Added Utility.

11. Upon receipt of an Additional Assurance Request, the Debtors shall have the Resolution Period to resolve any Subsequently Added Utility's Additional Assurance Request by mutual agreement without further order of this Court or to schedule a Determination Hearing with this Court.

12. If the Debtors no longer require post-petition utility services on one or more accounts serviced by Waste Management and various affiliates and/or subsidiaries (collectively, "WM"), prior to terminating or assigning any WM services being provided to the Debtors, the Debtors shall provide notice of such termination or assignment in writing, including by email to counsel of record for WM, Clark Hill PLC, 901 Main Street, Suite 6000, Dallas, Texas 75202, Attn: Andrew G. Edson (aedson@clarkhill.com) and to WM, 800 Capitol, Suite 300, Houston , Texas 77002, Attn: Jacquolyn E. Hatfield-Mills (jmills@wm.com). The notice of termination or assignment shall include: (1) the date of termination or assignment, (2) the location at which services are being terminated or assigned as defined in the agreement or invoice between WM and the Debtors. If the Debtors fail to provide notice as provided for herein, the Debtors shall remain obligated for the costs and expenses of services provided by WM to such location until the date WM receives actual notice that WM's services at a particular location are terminated or assigned. WM reserves all rights to seek entitlement for any unpaid costs and expenses of services provided by WM to the Debtors as an administrative expense claim under section 503 of the Bankruptcy Code.

13. The relief granted herein is for all Utility Companies providing Utility Services to the Debtors and is not limited to those parties or entities listed on the Utility Service List.

14. Nothing contained in this Final Order or in the Motion is intended to be or shall be construed as (a) an admission as to the validity of any claim against the Debtors, (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute any claim, or (c) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code. Likewise, any payment made pursuant to this Final Order is not intended to be and shall not be construed as an admission to the validity of any claim or a waiver of the Debtors' rights to dispute such claim subsequently.

15. Notwithstanding entry of this Final Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

16. The requirements for immediate entry of this Final Order pursuant to Bankruptcy Rule 6003(b) have been satisfied.

17. The requirements of Bankruptcy Rule 6004(a) are waived.

18. Notwithstanding the provisions of Bankruptcy Rules 6004(h), this Final Order shall be immediately effective and enforceable upon its entry.

19. The Debtors are authorized to take all steps necessary or appropriate to carry out this Final Order.

20. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Final Order.

**END OF ORDER*

**Court Service List**

*All Registered ECF Participants*