**Exhibit C-2**

**Revised Proposed Order (Redline)**

**KELLER BENVENUTTI KIM LLP**
JANE KIM (Cal. Bar No. 298192)
(jkim@kbkllp.com)
JEREMY V. RICHARDS (Cal. Bar No. 102300)
(jrichards@kbkllp.com)
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone: (415) 496-6723
Facsimile: (650) 636-9251

*Proposed Attorneys for Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>TRINITAS ADVANTAGED AGRICULTURE PARTNERS IV, LP, *et al.*,[1]<br><br>Debtors. | Case No. 24-50211 (DM) (Lead Case)<br><br>Chapter 11<br><br>(Jointly Administered)<br><br>**[PROPOSED] ORDER (A) AUTHORIZING AND APPROVING BID PROCEDURES, (B) APPROVING PROCEDURES RELATED TO THE ASSUMPTION OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (C) APPROVING THE NOTICE PROCEDURES, (D) AUTHORIZING ENTRY INTO ONE OR MORE STALKING HORSE AGREEMENTS, AND (E) SETTING A DATE FOR THE SALE HEARING**<br><br>Date: April ~~19~~26, 2024<br>Time: 10:00 a.m. (Pacific Time)<br>Place: **Tele/Videoconference Appearances Only**<br>United States Bankruptcy Court<br>~~280 South First Street~~<br>~~Courtroom 17, 16th Floor~~<br>San ~~Jose~~Francisco, California |

---

[1] The last four digits of Trinitas Advantaged Agriculture Partners IV, LP's tax identification number are 3730. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://www.donlinrecano.com/trinitas. The Debtors' service address is 2055 Woodside Road, Suite 195, Redwood City, CA 94061.

~~95113-3099~~, 94102

Upon the Motion, dated as of March 29, 2024 (the "Motion"),[2] of the above-captioned debtors and debtors in possession (the "Debtors") in the Chapter 11 Cases, pursuant to sections 105(a), 363(b), 363(f), and 365 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 6004, 6006, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2002-1, 6004-1, and 6006-1 of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "Bankruptcy Local Rules") for (i) entry of a Bid Procedures Order (a) authorizing and approving the bid procedures (as appended to the Bid Procedures Order as Exhibit 1, the "Bid Procedures"), (b) approving procedures related to the assumption and assignment of certain executory contracts and unexpired leases, (c) approving the form and manner of the sale notice and cure notice (the "Notice Procedures"), (d) authorizing the Debtors to enter into one or more "stalking horse" purchase agreements, subject to higher and better bids, and (e) setting the time, date, and place of a hearing (the "Sale Hearing") to consider the sale and the assumption and assignment of the Purchased Contracts (as defined below); (ii) entry of an order (the "Sale Order") authorizing and approving (a) the sale of the Debtors' right, title, and interest in the property (the "Property"), free and clear of all liens, claims, encumbrances, and interests (each as described below), pursuant to section 363 of the Bankruptcy Code; (b) the assumption and assignment of certain executory contracts and real property leases pursuant to section 365 of the Bankruptcy Code, and (c) payment of Bid Protections (as defined in the Motion), if applicable; and (iii) such other and further relief as the Court deems just and proper; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges,* General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "Bankruptcy Local Rules"); and consideration of the Motion and the requested relief being a core proceeding

---

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Motion as provided to the parties listed therein is reasonable and sufficient, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion and the Hoiberg Declaration; and this Court having held a hearing at the above-captioned date and time, with appearances as noted on the record, to consider the relief requested in the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in interest; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. Those portions of the Motion seeking approval of the Bid Procedures, the Bid Protections, the Notice Procedures, and setting the time, date and place of the Sale Hearing are GRANTED., as set forth and modified herein.

2. Except as expressly provided herein, nothing herein shall be construed as a determination of the rights of any party in interest in these Chapter 11 Cases.

**Bid Procedures**

3. The Bid Procedures attached hereto as **Exhibit 1** are hereby APPROVED, and the Debtors are authorized to take any and all actions reasonably necessary or appropriate to implement the Bid Procedures.

4. Notwithstanding anything to the contrary in the Bid Procedures, Rabo Ag will be permitted to credit bid up to the full amount of the Rabo Ag Debt at the Auction, subject to the Committee's right to challenge (a) the extent, validity, priority, or perfection of the liens securing the Rabo Ag Debt, and (b) Rabo Ag's right to credit bit pursuant to § 363(k) of the Code, *provided* such challenge results in an order limiting Rabo Ag's credit bidding rights.

5. By no later than May 23, 2024, at 4:00 p.m. (prevailing Pacific time), the Debtors will provide the Consultation Parties with: (a) a list of all Qualified Bids, broken down by the

parcels of Property to which the respective bids are qualified; (b) a list of the specific parcels of Property that the Debtors intend to submit for bidding at Auction; and (c) a list of the specific parcels of Property that will not be subject to Auction ("Qualified Bid and Parcel Lists Deadline").

6. By no later than May 23, 2024, at 4:00 p.m. (prevailing Pacific time) (the "Credit Bid Election Deadline"), Rabo Ag shall notify, in writing (e-mail being sufficient), counsel for the Debtors and counsel for the Committee if Rabo Ag intends to exercise its credit bid right at the Auction with respect to all or a portion of the Property. If Rabo Ag elects to so exercise its credit bid, such notice (the "Credit Bid Notice") shall identify the portions of the Property with respect to which Rabo Ag intends to credit bid, the total amount of the credit bid, and the amount of the credit bid allocated by ranch. If Rabo Ag does not notify the Debtors and the Committee of its intention to credit bid by the Credit Bid Election Deadline, Rabo Ag will not be permitted to credit bid at the Auction.

7. By no later than May 27, 2024, the Committee may file an objection to (a) Rabo Ag's Credit Bid Notice and Rabo Ag's right to credit bid as notified therein in accordance with paragraph 4; (b) the Debtor's decision to enter into a Stalking Horse Bid and any terms thereof; (c) the portions of the Property that the Debtors intend to offer at the Auction; or (d) the timing, and to seek an extension, of the Bid Deadline, the Auction, and/or the Sale Hearing (such objection, a "Pre-Auction Committee Objection").

8. If the Committee files a Pre-Auction Committee Objection, a hearing shall be held on May 29, 2024, at 10:00 a.m. (prevailing Pacific time) (the "Pre-Auction Hearing") to resolve the Pre-Auction Committee Objection. Replies and responses to the Pre-Auction Committee Objection shall be presented at the Pre-Auction Hearing.

**The Sale Schedule**

4.9. The dates and deadlines below are approved, but may also be modified by the Debtors to the extent permitted under the Bid Procedures.

| Event | Date or Proposed Date | Deadline |
|---|---|---|
| Bid Procedures Objection Deadline | April 19, 2024 (or 7 days before Bid Procedures Hearing) | Deadline by which any objections to the Bid Procedures must be filed with the Court and served so as to be actually received by the Objection Notice Parties (as defined below). |
| Bid Procedures Hearing | April 26, 2024 10:00 a.m. (PT) | Date for the hearing to consider the approval of the Bid Procedures. |
| Bid Procedures Order | April 30, 2024 | Last date by which the Court shall have entered the order approving the Bid Procedures, in form and substance acceptable to Rabo Ag, under the DIP Credit Agreement. |
| Cure Notice | May 2, 2024 (or two business days following entry of the Bid Procedures Order) | Date by which the Debtors will serve the Cure Notice upon each counterparty to a Potential Purchased Contract and file a global exhibit listing Cure Amounts (as defined below) for all Potential Purchased Contracts. |
| Sale Notice | May 2, 2024 (or two business days following entry of the Bid Procedures Order) | Date by which the Debtors will file and serve the Sale Notice. |
| Stalking Horse Deadline | May 17, 2024 | Date up to which the Debtors may enter into one or more Stalking Horse Agreements. |
| Bid Deadline | May 17, 2024 | Deadline by which the Debtors must *actually receive* binding Qualified Bids from Qualified Bidders. |
| Cure Objection Deadline | May 23, 2024 4:00 p.m. (PT) | Deadline by which objections to the proposed assumption and assignment of the applicable Potential Purchased Contract (including to the proposed Cure Amounts, if any), must be filed with the Court and served so as to be actually received by the Objection Notice Parties, provided, however, that objections with respect to the Successful Bidder's ability to provide adequate assurance of future performance may be raised at the Sale Hearing. |
| Qualified Bid and Parcel Lists Deadline | May 23, 2024 4:00 p.m. (PT) | Deadline by which the Debtors will provide the Consultation Parties with: (a) a list of all Qualified Bids, broken down by the parcels of Property to which the respective bids are |

| Event | Date or Proposed Date | Deadline |
|---|---|---|
| | | qualified; (b) a list of the specific parcels of Property that the Debtors intend to submit for bidding at Auction; and (c) a list of the specific parcels of Property that will not be subject to Auction. |
| Credit Bid Election Deadline | May 23, 2024 4:00 p.m. (PT) | Deadline by which Rabo Ag shall notify the Debtors and the Committee of its election to credit bid at the Auction. |
| Pre-Auction Committee Objection Deadline | May 27, 2024 | Deadline by which the Committee may file an objection to (a) Rabo Ag's Credit Bid Notice and Rabo Ag's right to credit bid as notified therein in accordance with paragraph 4; (b) the Debtor's decision to enter into a Stalking Horse Bid and any terms thereof; (c) the portions of the Property that the Debtors intend to offer at the Auction; or (d) the timing, and to seek an extension, of the Bid Deadline, the Auction, and/or the Sale Hearing. |
| Starting Bid Notice Deadline | May 29, 2024 | The Debtors will provide to all Qualified Bidders participating in the Auction a Starting Bid Notice stating the Starting Bid and the bidding increments for each lot. |
| Pre-Auction Hearing (if necessary) | May 29, 2024 10:00 a.m. (PT) (subject to Court's availability) | Hearing on the Pre-Auction Committee Objection (if any). |
| Auction (if necessary) | May 30, 2024 11:00 a.m. (PT) | Date on which the Debtors will begin the Auction (pursuant to the DIP Credit Agreement, the Auction must have been conducted by May 31, 2024). |
| Auction Results Notice | June 3, 2024 (or one business day after the conclusion of the Auction) | Date by which the Debtors will serve notice of the results of the Auction to all Qualified Bidders, the Creditors' Committee, Rabo Ag, and all other parties who have timely elected to receive notices related to the sale process. |
| Sale Objection Deadline | June 7, 2024 4:00 p.m. (PT) | Deadline by which Sale Objections must be filed with the Court and served so as to be actually received by the Objection Notice Parties. |

KELLER BENVENUTTI KIM LLP
425 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105

| Event | Date or Proposed Date | Deadline |
|---|---|---|
| Sale Reply Deadline | June 12, 2024 | Deadline by which the Debtors and/or the Successful Bidder(s) will file and serve their reply, if any, in support of the Sale Motion. |
| Sale Hearing | June 14, 2024 10:00 a.m. (PT) | Date for the hearing to consider approval of the Sale pursuant to section 363 of the Bankruptcy Code. |
| Sale Order Deadline | Within 3 business days following the Sale Hearing | Date by which the Court shall have entered the Sale Order, pursuant to the DIP Credit Agreement. |

**Sale Notice Procedures**

~~5.~~10.    The Sale Notice, substantially in the form attached to hereto as **Exhibit 2**, is sufficient to provide effective notice to all interested parties of the Bid Procedures, the Auction, the Sale contemplated under the Bid Procedures, and the assumption and assignment of the Purchased Contracts, pursuant to Bankruptcy Rules 2002(a)(2), 6004, and 6006, and is hereby approved.

~~6.~~11.    Within two business days following entry of this Bid Procedures Order, the Debtors (or their agent) shall serve the Sale Notice, by first-class mail, postage pre-paid, upon (a) the Objection Notice Parties (as defined below), (b) any parties requesting notices in this case pursuant to Bankruptcy Rule 2002, (c) all entities reasonably known to have expressed an interest in a transaction with respect to any of the Property during the past nine (9) months, (d) all parties known by the Debtors to assert a lien on any of the Property, (including the county tax collector for each county in which the Property is located), (e) all persons known or reasonably believed to have asserted an interest in any of the Property, (f) all non-Debtor parties to any Potential Purchased Contracts, (g) all taxing authorities having jurisdiction over any of the Property, including the IRS, (h) the Debtors' insurers, (i) all known creditors of the Debtors, (j) all known holders of equity interests in the Debtors, (k) all environmental authorities having jurisdiction over any of the Property, and (l) to the extent not included above, all parties in interest listed on the Debtors' creditor matrix.

**Sale Objection Procedures**

7.12. Any party that seeks to object to the relief requested in the Motion pertaining to approval of the Sale of the Purchased Property ("Sale Objection") shall file a formal objection that complies with the procedures set forth in the Motion. Each Sale Objection shall state the legal and factual basis of such objection and may be orally supplemented at the Sale Hearing.

8.13. Any and all written objections as contemplated by this Order (other than an Assumption Objection (as defined below), which will be governed by the procedures addressing Assumption Objections set forth below) must: (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Rules; (c) set forth the specific basis for the Sale Objection; (d) be filed with the Court, 450 Golden Gate Avenue, 16th Floor, San Francisco, California 94102, together with proof of service, **on or before 4:00 p.m. (prevailing Pacific Time) on June 7, 2024** (the "Sale Objection Deadline") and (e) be served, so as to be actually received on or before the Sale Objection Deadline, upon the following parties (collectively, the "Objection Notice Parties"): (i) Debtors' counsel, Keller Benvenutti Kim LLP, Attn: Jane Kim, Esq., and Jeremy V. Richards, Esq., 425 Market Street, 26th Floor, San Francisco, CA 94105, jkim@kbkllp.com, jrichards@kbkllp.com; (ii) counsel to the Administrative Agent, Fennemore Dowling Aaron, 8080 N. Palm Avenue, 3rd Floor, Fresno, California 93711 (Attn. J. Jackson Waste (jwaste@fennemorelaw.com), Don J. Pool (dpool@fennemorelaw.com), Jerome A. Grossman (jgrossman@fennemorelaw.com), and Anthony A. Austin (aaustin@fennemorelaw.com); (iii) the Office of the United States Trustee for Region 17, 450 Golden Gate Avenue, 5th Floor, Suite #05-0153, San Francisco, California 94102, Attn: Trevor Fehr (Trevor.Fehr@usdoj.gov) and Paul Leahy (Paul.Leahy@usdoj.gov); and (iv) counsel to the Creditors' Committee, (x) Raines Feldman Littrell LLP, 3200 Park Center Drive, Suite 250, Costa Mesa, CA 92626 (Attn. Robert S. Marticello (rmarticello@raineslaw.com)), (y) Raines Feldman Littrell LLP, 30 North LaSalle Street, Suite 3100, Chicago, IL 60602 (Attn. Mark S. Melickian (mmelickian@raineslaw.com)), and (z) Husch Blackwell LLP, 120 South Riverside Plaza, Suite 2200, Chicago, IL 60606 (Attn. Michael A. Brandess (Michael.brandess@huschblackwell.com)).

~~9.~~14.  Failure to object to the relief requested in the Motion shall be deemed to be "consent" for purposes of Bankruptcy Code section 363(f). All objections to the Motion or the relief requested therein (and all reservations of rights included therein), as they pertain to the entry of this Order, are overruled to the extent they have not been withdrawn, waived, or otherwise resolved.

**Assumption and Assignment Procedures**

~~10.~~15.  The procedures relating to assumption and assignment of the Purchased Contracts set forth below (the "Contract Procedures"), including the form of cure notice attached hereto as **Exhibit 3** (the "Cure Notice"), are hereby authorized, approved, and made part of this Order as if fully set forth herein.

~~11.~~16.  The Debtors will serve the Cure Notice upon each counterparty to a Potential Purchased Contract by no later than two business days following entry of the Bid Procedures Order. The Cure Notice will identify the amounts, if any, that the Debtors believe are owed to each counterparty to a Potential Purchased Contract in order to cure any defaults that exist under such contract as required under Bankruptcy Code section 365(b)(1).

~~12.~~17.  To the extent there is a contract added to the list of contracts to be assumed by the Successful Bidder pursuant to the Successful Bidder's purchase and sale agreement selected at the Auction, each such contract will be listed on an exhibit to the Successful Bidder's purchase and sale agreement, and each counterparty to such contract will be given a separate Cure Notice filed and served by overnight delivery within 24 hours of the conclusion of the Auction and announcement of the Successful Bidder

~~13.~~18.  The inclusion of a contract, lease, or other agreement on either the Cure Schedule or a Cure Notice shall not (a) constitute or be deemed a determination or admission by the Debtors and their estates or any other party in interest that such contract, lease, or other agreement is, in fact, an executory contract or unexpired lease within the meaning of the Bankruptcy Code, and any and all rights with respect thereto shall be reserved; or (b) obligate the Debtors to assume any Potential Purchased Contract listed thereon or the Successful Bidder(s) to take assignment of such Potential Purchased Contract. Only those Purchased Contracts that are included on a

schedule of assumed and acquired contracts attached to the final purchase and sale agreement with the Successful Bidder (including amendments or modifications to such schedules in accordance with such purchase and sale agreement) will be assumed and assigned to the Successful Bidder upon the closing of such Sale.

14.19. If a Purchased Contract is assumed and assigned pursuant to the Sale Order or other order of the Court, then unless the Purchased Contract counterparty properly and timely files and serves an objection to the Cure Amounts contained in the Cure Notice by the Assumption Objection Deadline, the Purchased Contract counterparty will receive, from the applicable Successful Bidder, at the time of the assumption and assignment (as specified below), only the Cure Amounts as set forth in the Cure Notice, if any.

15.20. If any counterparty objects for any reason to the assumption and assignment of a Potential Purchased Contract (including to the proposed Cure Amount, if any) (an "Assumption Objection"), the Debtors propose that the counterparty must file the objection and serve it so as to be actually received by the Objection Notice Parties by no later than **4:00 p.m. (prevailing Pacific Time) on May 23, 2024** (the "Cure Objection Deadline"), provided, however, that any counterparty may raise at the Sale Hearing an objection to the assumption and assignment of the Purchased Contract solely with respect to the Successful Bidder's ability to provide adequate assurance of future performance under the Purchased Contract. Any objection must (a) set forth a specific default in the executory contract or unexpired lease, claim a specific monetary amount that differs from the amount, if any, specified by the Debtors in the Cure Notice, and set forth any reason why the counterparty believes the executory contract or unexpired lease cannot be assumed and assigned to the Successful Bidder and state, with specificity, the legal and factual basis for the objection; (b) include appropriate documentation in support of the objection; and (c) be filed and served so as to be received by the Cure Objection Deadline.

16.21. If, following the closing date of the respective Sale, and only to the extent permitted under the purchase and sale agreement that is the Successful Bid, the Successful Bidder designates as a Purchased Contract a contract or lease not included as a Potential Purchased Contract and not previously rejected by the Debtors, the Debtors will promptly serve, at

end

Successful Bidder's expense, a supplemental notice of potential assumption and assignment by electronic transmission, hand delivery, or overnight mail on the counterparty to such impacted Purchased Contract (each, a "Supplemental Purchased Contract Counterparty"), and its attorney, if known, at the last known address available to the Debtors (a "Supplemental Cure Notice"). Each Supplemental Cure Notice will include the same information with respect to listed Contracts as was included in the Cure Notice with respect to the Potential Purchased Contracts.

<del>17.</del>22. Any Supplemental Purchased Contract Counterparty may file an objection (a "Supplemental Purchased Contract Objection") to, as applicable, the proposed assumption and assignment of such Purchased Contract, the proposed Cure Amounts (if any), or adequate assurance of future performance by the Successful Bidder. All Supplemental Purchased Contract Objections must: (a) set forth a specific default in the executory contract or unexpired lease, claim a specific monetary amount that differs from the amount, if any, specified by the Debtors in the Supplemental Cure Notice, and/or set forth, with specificity, any reason that the counterparty believes the executory contract or unexpired lease cannot be assumed and assigned to the Successful Bidder, and state, with specificity, the legal and factual basis for the objection and, if applicable, what Cure Amounts are required; (b) include appropriate documentation in support of the objection; and (c) be filed and served so as to be actually received by the Objection Notice Parties no later than ten (10) days from the date of service of such Supplemental Cure Notice, which date will be set forth in the Supplemental Cure Notice.

<del>18.</del>23. If a Supplemental Purchased Contract Counterparty files a Supplemental Purchased Contract Objection in a manner that is consistent with the requirements set forth above, and the parties are unable to consensually resolve the dispute, the Debtors will seek an expedited hearing before the Court, and such dispute will be resolved at such expedited hearing or, in the Debtors' discretion, adjourned to a later hearing. If there is no such timely objection, then (a) such Purchased Contract shall be deemed assumed and assigned pursuant to the Sale Order, without further order of the Court and the Supplemental Purchased Contract Counterparty will be deemed to have consented to the assumption and assignment of the Purchased Contract;

and (b) the Cure Amounts, if any, set forth on the Supplemental Cure Notice shall be controlling, notwithstanding anything to the contrary in any Purchased Contract or any other document.

19.24. The Successful Bidder shall be responsible for paying any Cure Amount for a Purchased Contract that is assumed and assigned and for satisfying any requirements regarding adequate assurance of future performance that may be imposed under section 365(b) of the Bankruptcy Code in connection with the proposed assignment of any Purchased Contract, and the failure to provide adequate assurance of future performance to any counterparty to any Purchased Contract shall not excuse the Successful Bidder from performance of any and all of its obligations pursuant to the Successful Bidder's purchase and sale agreement. Cure Amounts disputed by any counterparty will be resolved by the Court at the Sale Hearing or such later date as may be agreed to or ordered by the Court. Nothing herein shall restrict the ability of the Debtors to reject or terminate a contract or lease that has not been designated as a Purchased Contract as of the Closing Date, except to the extent provided in the purchase and sale agreement that is the Successful Bid.

**The Stalking Horse Agreement(s)**

20.25. Subject to the Bid Procedures and approval at the Sale Hearing (as to which all parties' rights are reserved), the Debtors' entry into one or more Stalking Horse Agreements, subject to higher and better bids, is authorized, <u>provided</u>, <u>however</u>, that any Bid Protections shall be subject to Court approval at the Sale Hearing.

**Other Relief Granted**

21.26. The Auction is scheduled for **11:00 a.m. on May 30, 2024**, at the offices of Keller Benvenutti Kim LLP, located at 425 Market Street, 26th Floor, San Francisco, California 94105, or such other location, including by virtual meeting, as shall be timely communicated to all entities entitled to attend the Auction, which Auction may be cancelled or adjourned by the Debtors, in consultation with the Consultation Parties.

22.27. A hearing (the "<u>Sale Hearing</u>"), at which the Debtors shall seek approval of the Successful Bid (as defined in the Bid Procedures) shall be held in this Court on **June 14, 2024**

**at 10:00 a.m. (PT)**. The Sale Hearing may be adjourned or rescheduled without further notice by an announcement of the adjourned date at the Sale Hearing.

~~23.~~28. Rabo Ag will be permitted to credit bid up to the full amount of the Rabo Ag Debt at the Auction, subject to the Committee's right to challenge the nature, extent, validity, priority, perfection, or amount of the Rabo Ag Debt, and subject to § 363(k) of the Bankruptcy Code.

~~24.~~29. The failure of the Committee to object to a bid put forth by Rabo Ag or the Court's approval of any such credit bid shall not (a) prejudice or impair the rights of the Committee to challenge the nature, extent, validity, priority, perfection, or amount of Rabo Ag's alleged liens, security interests, and claims or (b) release Rabo Ag from any causes of action which can be brought by or on behalf of the Debtors' estates.

~~25.~~30. All entities that participate in the bidding process or the Auction shall be deemed to have knowingly and voluntarily submitted to the exclusive jurisdiction of the Court with respect to all matters related to the terms and conditions of the transfer of Property, the Auction, and any transaction contemplated herein.

~~26.~~31. In the event there is a conflict between this Order and the Motion, this Order shall control and govern.

~~27.~~32. Nothing in this Bid Procedures Order or the Motion shall be deemed to or constitute the assumption or assignment of an executory contract or unexpired lease.

~~28.~~33. This Court shall retain jurisdiction with respect to all matters arising or related to the implementation or interpretation of this Bid Procedures Order.

~~29.~~34. This Bid Procedures Order shall be effective immediately upon entry, and any stay of orders provided for in Bankruptcy Rules 6004 or 6006 or any other provision of the Bankruptcy Code or Bankruptcy Rules is expressly lifted. The Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Bid Procedures Order, and may, in their discretion and without further delay, take any action and perform any act authorized under this Bid Procedures Order.

**\*\*END OF ORDER\*\***