**BINDER MALTER HARRIS & ROME-BANKS LLP**
Robert G. Harris (SBN 124678)
Reno Fernandez (SBN 251934)
2775 Park Avenue
Santa Clara, CA  95050
(408) 295-1700
rob@bindermalter.com
reno@bindermalter.com

Co-Counsel for Creditor,
Pomona Farming LLC

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>TRINITAS ADVANTAGED<br>AGRICULTURE PARTNERS IV, LP, *et al.,*<br><br>Debtors. | Case Nos. 24-50211 DM (Lead Case)<br><br>Chapter 11<br><br>(Jointly Administered)<br><br>Date:  November 14, 2025<br>Time:  10:00 am<br>Place:  450 Golden Gate Avenue<br>            16th Floor, Courtroom 17<br>            San Francisco, California<br><br>Honorable Dennis Montali |

## POMONA FARMING LLC'S RESPONSE TO NOTICE OF REVISED PROPOSED ORDER ON SOUTH OLIVE SALE

Creditor Pomona Farming LLC ("Pomona") hereby responds to the *Notice of Filing of (1) First Amendment to Purchase and Sale Agreement and (2) Revised Proposed Order Granting Motion of Debtors for Entry of an Order:  (A) Authorizing the Debtors to Use Property of the Estate Other Than in the Ordinary Course of Business Pursuant to 11 U.S.C. §§ 105(a) and 363(b); and (B) Approving Settlement and Release of Claims Pursuant to Fed. R. Bankr. P. 9019* [Dkt. #986] (the "Notice") on the grounds that the proposed order attached thereto as Exhibit B [Dkt. #986-2] (the "Proposed Order") appears not to adequately protect Pomona's interest, and respectfully represents as follows:

1. These cases were commenced by Trinitas Advantaged Agricultural Partners IV, LP

("TAAP IV") and affiliated entities (the "Debtors") filing petitions for relief under chapter 11 of the Bankruptcy Code on February 19, 2024 (the "Petition Date"). The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to Bankruptcy Code §§ 1107(a) and 1108. The Committee was appointed on March 7, 2024 [Dkt. #43]. No trustee or examiner has been appointed in these cases.

2. On June 12, 2025, Rabo Agrifinance, LLC ("Rabo Ag"), the Debtors, and the Committee filed their *Joint Stipulation Between the Debtors, the Official Committee of Unsecured Creditors, and Rabo Agrifinance, LLC Resolving Certain Outstanding Case Issues* [Dkt. #804] (the "Joint Stipulation"). The Joint Stipulation provides that: "Upon the closing of the sale or other dispensation of the Membership Interests and/or Property, the GUC Olive Interest Proceeds shall be promptly[1] credited and remitted to the GUC Carve-Out from the closing proceeds, and the balance of the proceeds remaining shall be promptly remitted to Rabo Ag, without need for further order of this Court." (Joint Stipulation, 5:14-18.) The basis for these terms is hotly disputed. (Objection, 3:17-23.) Moreover, Pomona was not a party to the Joint Stipulation, and the stipulation was not approved under Rule 9019 of the Federal Rules of Bankruptcy Procedure. In other words, Pomona is not bound by the stipulation.

3. In approving the Joint Stipulation, the Court expressly ordered that: "[N]othing in the Joint Stipulation or this Order shall be deemed binding on Pomona Farming LLC or its rights, claims or interests in these bankruptcy cases...." (*Order Approving Joint Stipulation Between the Debtors, the Official Committee of Unsecured Creditors, and Rabo Agrifinance, LLC Resolving Certain Outstanding Case Issues* [Dkt. #817] (the "Order Approving Joint Stipulation"), 5:12-14.) This language was not gratuitous; Pomona negotiated for these terms under significant time pressure.

4. The Debtors filed the *Motion of Debtors for Entry of an Order: (A) Authorizing the*

---

[1] "Prompt" is not defined in the Joint Stipulation or the Bankruptcy Code. "Prompt" can mean up to one year in the context of prompt cure of arrears. *In re Manz*, 617 B.R. 520, 523 (Bankr. D.N.J. 2020). Also, this language does not prevent the Court from entering a further order with respect to the proceeds.

*Debtors to Use Property of the Estate Other Than in the Ordinary Course of Business Pursuant to 11 U.S.C. §§ 105(a) and 363(b); and (B) Approving Settlement and Release of Claims Pursuant to Fed. R. Bankr. P. 9019* [Dkt. #934] (the "Motion") on October 3, 2025.  The Motion requests authority for TAAP IV to cause South Olive Holdings, LLC ("South Olive") to sell its membership interest in WL Olives, LLC ("WL Olives") for the gross price of $7.5 million, with proceeds of $5,654,000, minus commissions and closing costs, to ultimately be distributed to TAAP IV (the "Olive Proceeds").  (Motion, 8:18-22.)

5. *Creditor Pomona Farming LLC's Limited Objection to Motion for Authority to Sell Membership Interests in Subsidiary of South Olive Holdings, LLC* [Dkt. #959] (the "Objection") was filed on October 17, 2025.  Pomona does not object to the proposed sale, but Pomona requests that the Olive Proceeds be reserved and held pending further order of the Court, with all rights, claims, and interests related thereto to attach to the proceeds with the same validity, priority, and extent as at the time of sale.  (Objection, 6:17-20.)

6. Pomona's Objection is consistent with concerns expressed by the Court while considering the motion to approve bid procedures [Dkt. #136], when the Court urged the parties to consider separating the order approving the sale from the order approving the disposition of proceeds to avoid the problems that came up in *Clear Channel Outdoor, Inc. v. Knupfer (In re PW, LLC)*, 391 B.R. 25 (9th Cir. BAP 2008).  (Transcript of hearing on June 14, 2024 [Dkt. #388], 23:2-24:4.)

7. Today, the Debtors filed their Notice and Proposed Order.  Among other things, the Proposed Order provides that:

> The Debtors' distribution of the net proceeds of the Transaction in accordance with the *Order Approving Joint Stipulation Between the Debtors, the Official Committee of Unsecured Creditors, and Rabo Agrifinance, LLC Resolving Certain Outstanding Case Issues* [Dkt. No. 817] is without prejudice to Pomona's arguments with respect to Rabo Ag's adequate protection lien and the extent of diminution in value of Rabo Ag's prepetition collateral, and all rights, claims, arguments, and objections in connection with such arguments, as well as Rabo Ag's rights, counterclaims, defenses, and arguments relating to the same, are fully reserved.

(Proposed Order, 4:10-16.)  This language appears not to adequately protect Pomona's interests.

It is not clear what reserving Pomona's "arguments" and "rights... in connection with such arguments" is supposed to mean. Under this language, it appears that the Committee and Rabo Ag would receive the Olive Proceeds free and clear of any rights, claims, and interests, while Pomona may be forced to bring an adversary proceeding or lawsuit to recover property. Moreover, the Proposed Order goes against the Court's concerns with respect to *Clear Channel*-type problems.

8. Pomona seeks to preserve its right under the aforesaid Order Approving Joint Stipulation to dispute the disposition of sale proceeds provided in the stipulation. The Proposed Order could be construed as eliminating that right, thus harming Pomona's interests. (Objection, 5:9-6:4.) By contrast, holding the proceeds, with the interests of stakeholders attaching to the proceeds, would not prejudice any party in interest and would permit the parties to conclude their negotiations.

9. Pomona requests that the Court enter a "clean" order approving the sale and providing that the net proceeds shall be reserved pending further order of the Court, with all rights, claims, and interests related thereto to attach to the proceeds with the same validity, priority, and extent as at the time of sale.

10. In the alternative, if the Court is inclined to accommodate the Debtors' request that the net proceeds be distributed pursuant to the Joint Stipulation, Pomona requests that the Court adopt the following terms in place of the aforesaid language of the Proposed Order:

> The Debtors may distribute the net proceeds of the Transaction in accordance with the *Order Approving Joint Stipulation Between the Debtors, the Official Committee of Unsecured Creditors, and Rabo Agrifinance, LLC Resolving Certain Outstanding Case Issues* [Dkt. No. 817] (the "Order Approving Joint Stipulation"); *provided, however,* that the recipients of such proceeds shall reserve and hold such proceeds, and shall segregate such proceeds from all other assets, pending further order of the Court, with all rights, claims, interests (including Pomona's rights, claims, interests with respect to Rabo Agrifinance, LLC's purported adequate protection lien and the extent of any diminution in the value of its pre-petition collateral) to attach to such proceeds with the same validity, priority, and extent as at the time of sale. Paragraph 18 of the Order Approving Joint Stipulation, making such order inapplicable to Pomona, shall continue to apply.

**WHEREFORE**, Pomona requests:

1. That the Court enter a "clean" order approving the sale and providing that the net

proceeds shall be reserved pending further order of the Court, with all rights, claims, and interests related thereto to attach to the proceeds with the same validity, priority, and extent as at the time of sale;

    2.    In the alternative, that the Court enter an order permitting distribution of the net proceeds but providing that the recipients must segregate and hold such proceeds, with all rights, claims, and interests related thereto to attach to the proceeds with the same validity, priority, and extent as at the time of sale, as described above; and

    3.    For such other and further relief as is appropriate in the premises.

DATED: November 13, 2025    BINDER MALTER HARRIS & ROME-BANKS LLP

By: /s/*Robert G. Harris*
    Robert G. Harris

Co-Counsel for Creditor,
Pomona Farming LLC